UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WANSHENG LU,

      Petitioner,

    v.                               Case No.:  2:26-cv-00543-SPC-NPM

KRISTI NOEM *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Wansheng Lu's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Lu's reply (Doc. 8).  For the below reasons, the Court grants the petition.

Lu is a native of China who was admitted into the United States on September 18, 1993.  An immigration judge ordered Lu removed to China on April 16, 1997.  Lu appealed the order several times—the final appeal was denied on June 13, 2007.  Lu spent 857 days in immigration custody while his appeals were pending.  The government released him under an order of supervision in early 2007, after he filed a petition for a writ of habeas corpus. He has complied with all terms of supervision, he has no criminal record, the government has granted him work authorization, and he owns a restaurant in Port Charlotte, Florida.  One of his two U.S. children filed a Petition for Alien Relative on his behalf, and it remains pending.

On September 26, 2025, U.S. Border Patrol encountered Lu at the airport in Fort Myers, Florida, arrested him, and turned him over to Immigration and Customs Enforcement. He is currently detained in Glades County Detention Center. Lu challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus

an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Lu's petition is premature because he filed it before his current period of detention reached 180 days.  They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained.   That assumption is inconsistent with *Zadvydas*.  It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days.  As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Lu has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  The government

was unable to remove him twenty years ago, no change in circumstances make removal more likely now, and they have provided no plan or timeline for removal since his re-detention in September. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Lu will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Lu to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Wansheng Lu Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Lu within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record